**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and **ARTHUR H. BUNTE, JR.**, as Trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 14 C 5929 |
| **ATLAS RED-D MIX, INC.**, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Atlas Red-D Mix, Inc. ("Atlas") has filed its Answer and Affirmative Defenses ("ADs") to the ERISA withdrawal liability Complaint brought against it by Central States, Southeast and Southwest Areas Pension Fund and its Trustee Arthur Bunte (collectively "Fund," treated as a singular noun for convenience). This memorandum order is issued sua sponte to address two problematic aspects of that responsive pleading.

First, Atlas' counsel has coupled a technically proper Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer[1] with the inappropriate language "and therefore denies the allegations." It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from Answer ¶ 22.

---

[1] That hedged language ("technically proper") in the text should not be misunderstood as expressing any doubt on the part of this Court -- it is rather that it has no knowledge of the facts in the case and, as is appropriate at the outset, simply credits the assertions of Atlas as to those facts.

More substantively, all of Atlas' ADs are flawed under the principles established by Rule 8(c) and the caselaw applying that Rule -- and see also App'x ¶ 5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001).  Here are the problems:

1. AD 1 is impermissibly skeletal, for it simply picks three items out of the Rule 8(c) laundry list without any explanation -- and defendants as well as plaintiffs are obligated to adhere to the principles of notice pleading that govern federal practice.  AD 1 is accordingly stricken, without prejudice to Atlas' possible reassertion of one or more of the defenses adverted to there if fleshed out appropriately.

2. ADs 2 and 3 are totally without merit and are stricken with prejudice.

3. AD 4, like AD 1, provides no useful information to counsel for the Fund or to this Court.  If there is indeed any predicate for asserting a limitations defense, that too must be fleshed out appropriately.  In the meantime AD 4 is stricken without prejudice.

                                                                             _____
                                                                             Milton I. Shadur
                                                                             Senior United States District Judge

Date:  September 19, 2014